IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD RAY ROSSENBACH,

                        OPINION AND ORDER

          Plaintiff,

                        13-cv-435-bbc

    v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The sole question raised in this appeal of a denial of Social Security benefits is whether the administrative law judge's residual functional capacity assessment adequately accounted for any limitations plaintiff Donald Ray Rossenbach has in concentration, persistence and pace. Because I conclude that plaintiff has failed to show that the assessment omitted any relevant limitations, I am affirming the decision.

OPINION

The administrative law judge found that plaintiff had severe impairments related to depression and the use of his right knee. AR 16. With respect to "concentration, persistence or pace," the administrative law judge found that plaintiff had "moderate difficulties" and wrote the following:

The claimant testified that he has crying spells and poor motivation.

1

> However, he still indicated in his function report that he can pay attention as long as needed, finish what he starts, is able to follow written and spoken instructions, and handles stress and changes in routine "well."

AR 17.

Later in the decision, the administrative law judge discussed plaintiff's depression in more detail:

> Regarding the claimant's alleged depression, the claimant has not generally received the type of medical treatment one would expect for a totally disabled individual. He reported some depressive symptoms to his primary care provider and was prescribed an antidepressant which he took for six days; however, he never sought or received treatment from a specialist even after reporting that he would do so (See Exhibit 4F/4). Additionally, the office visit notes reflect numerous occasions on which the claimant did not specify any particular complaint of depressive symptoms after he stopped prescribed medication, which contrasts with the current claim of ongoing, disabling symptoms since the alleged onset date.
>
> Moreover, the claimant did not report any particular limitation in his ability to sustain the mental and social demands of work (See Exhibit 3E). His symptoms of anhedonia and perceived pain would be expected to limit his ability to perform complex or fast-paced work, but the record does not support limitations beyond those in the residual functional capacity.

With respect to medical opinions in the record, the administrative law judge wrote that the record "reveals no restrictions recommended by a treating doctor." AR 20. Although the state agency consultants noted that plaintiff had received little mental health treatment and had "not even made ongoing complaints of depression or indicated any ongoing psychological symptoms in his disability paperwork," the administrative law judge found that "it would be expected that [plaintiff's] depressive symptoms, when combined with pain from his knee impairment, would somewhat limit the complexity of work he could perform and the pace at which he could perform it." AR 20.

The administrative law judge summarized these findings in a residual functional capacity assessment in which he found that plaintiff "is limited to performing simple, repetitive work requiring only occasional decision-making and no fast-paced production (such as assembly line work)." Id. Taking those limitations and others into account, the vocational expert testified that plaintiff could "perform representative occupations such as: 650 molding, coremaking, casting machine operator jobs; 900 cutting, punching, press-machine operator jobs; 2,500 inspector tester sorter jobs; 1,500 helper, production worker jobs; and 1,800 usher, lobby attendant ticket taker jobs." AR 22.

Plaintiff says that the administrative law judge's residual functional capacity assessment is flawed because it does not adequately account for the finding that plaintiff had moderate limitations in "concentration, persistence or pace." (Although plaintiff identifies the error as failing to provide an accurate hypothetical question to the vocational expert, the administrative law judge's hypothetical question incorporated his residual functional capacity assessment, so plaintiff's real challenge is to the residual functional capacity assessment.) As support for his argument, plaintiff cites several cases for the proposition that findings that a claimant is limited to "routine," "simple," "repetitive" and "unskilled" work are not adequate substitutes for "concentration, persistence and pace." O'Connor-Spinner v. Astrue, 627 F.3d 614, 620-21 (7th Cir. 2010); Stewart v. Astrue, 561 F.3d 679, 684-85 (7th Cir. 2009); Craft v. Astrue, 539 F.3d 668, 677-78 (7th Cir. 2008); Young v. Barnhart, 362 F.3d 995, 1002-03 (7th Cir. 2004).

Plaintiff's argument fails for two reasons. First, the administrative law judge did not

3

simply limit plaintiff to "routine," "simple," "repetitive" or "unskilled" work. Rather, in addition to limiting plaintiff to simple and repetitive work, the administrative law judge stated that plaintiff was limited to "work requiring only occasional decision-making and no fast-paced production (such as assembly line work)." Plaintiff ignores this additional language and fails to identify what else the administrative law judge should have included.

Second, plaintiff does not point to any evidence supporting a view that he suffers from any limitations related to concentration, persistence or pace other than those listed in the administrative law judge's residual functional capacity assessment. Rather, plaintiff relies entirely on the administrative law judge's general statement that plaintiff suffered from "moderate limitations" in "concentration, persistence or pace." However, the administrative law judge explained in his decision that the only limitations he found related to concentration, persistence or pace were that plaintiff's "symptoms of anhedonia and perceived pain would be expected to limit his ability to perform complex or fast-paced work." In the absence of evidence showing that the administrative law judge overlooked evidence supporting additional limitations, I see no basis for remanding the case.

Plaintiff seems to believe that the administrative law judge was required to use the phrase "concentration, persistence or pace" in his residual functional capacity assessment, but the phrase is simply a general category; it does not necessarily communicate to the vocational expert or anyone else what a claimant can or cannot do. Rather, that general category must be translated into particular limitations, which is what the administrative law judge did in this case.

4

The cases plaintiff cites are not to the contrary. For example, in <u>O'Connor-Spinner v. Astrue</u>, 627 F.3d 614, 620-21 (7th Cir. 2010), the court stated that, "for most cases, the ALJ should refer expressly to limitations on concentration, persistence and pace in the hypothetical in order to focus the VE's attention on these limitations and assure reviewing courts that the VE's testimony constitutes substantial evidence of the jobs a claimant can do. . . . In most cases . . . employing terms like 'simple, repetitive tasks' on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace." <u>Id.</u> at 620. However, the court also emphasized that "[w]e have not insisted . . . on a per se requirement that this specific terminology ('concentration, persistence and pace') be used in the hypothetical in all cases." <u>Id.</u> at 619. For example, an administrative law judge need not use those terms when it is "manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations would be unable to perform." <u>Id.</u> In other words, the lesson from <u>O'Connor-Spinner</u> is not that the administrative law judge must use particular "magic language" when setting forth the plaintiff's residual functional capacity, but rather that the language he uses must reflect all of the limitations that the plaintiff has. <u>Id.</u> (administrative law judge must "ensure that the VE is apprised fully of the claimant's limitations").

Similarly, in the other cases plaintiff cites, the problem was that the administrative law judge's residual functional capacity assessment failed to incorporate limitations supported by evidence in the record. <u>Stewart</u>, 561 F.3d at 684-85 ("[T]he question [to the vocational expert] must account for *documented* limitations of "concentration, persistence or

5

pace.'") (emphasis added); Craft, 539 F.3d at 677-78 (administrative law judge found that plaintiff could perform "unskilled" work without considering psychiatric assessments that plaintiff had some level of difficulty with memory, concentration, or mood swings); Young, 362 F.3d at 1002-03 ("Although this RFC requires that Young have limited contact with the public and coworkers, it says nothing of limiting contact with supervisors, despite the fact that there was substantial evidence within the record that Young has difficulty accepting instruction."). Again, because plaintiff does not point to additional evidence, these cases are not instructive.

Alternatively, plaintiff argues that the administrative law judge failed to explain how he arrived at his conclusions that plaintiff was limited to performing simple, repetitive work requiring only occasional decision-making and no fast-paced production. That is true, but it is not clear how that failure could help plaintiff. Again, plaintiff does not point to *any* evidence of limitations that the administrative law judge overlooked, so if the administrative law judge's findings of those limitations are not supported, it means only that plaintiff is capable of doing *more* than what the administrative law judge found. Accordingly, I conclude that plaintiff has not shown that he is entitled to a remand.

ORDER

IT IS ORDERED that Donald Ray Rossenbach's motion for summary judgment, dkt. #10, is DENIED and the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, is AFFIRMED. The clerk of court is directed to enter judgment in favor

6

of defendant and close this case.

Entered this 30th day of April, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge